IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **LEVERNE SILVER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 5:09-1222 |
| | ) | |
| **DAVID BERKEBILE, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 6, 2009, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed his Application to Proceed *in Forma Pauperis* and Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document Nos. 1 and 2.) Petitioner alleges that he was improperly determined to be a Career Offender under U.S.S.G. § 4B1.1 and the District Court failed to reduce his sentence pursuant to Rule 35(b). [2] (Document Nos. 2 and 3.) First, Petitioner argues

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On June 14, 2004, Petitioner pled guilty in the United States District Court for the Eastern District of North Carolina to one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846, and one count of possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). *United States v. Silver*, Case No. 5:04-cr-0062 (E.D.N.C. Jan. 11, 2005), Document No. 68. On January 7, 2005, the United States filed a Motion for Downward Departure Due to Substantial Assistance. *Id.*, Document No. 99. On January 11, 2005, the District Court granted the United States' Motion and sentenced Petitioner to a 273-month term of imprisonment, to be followed by a five-year term of supervised release. *Id.*, Document No. 103. Petitioner did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.
 On April 26, 2007, Petitioner filed a Motion to Compel the United States to file a U.S.S.G. § 5K1.1 Motion and/or a Rule 35(b) Motion. *Id.*, Document No. 162. By Order entered on July 13, 2007, the District Court denied Petitioner's Motion. *Id.*, Document No. 167. Petitioner filed a Notice of Appeal on July 30, 2007. *Id.*, Document Nos. 168 and 170. On February 25, 2008, the Fourth Circuit affirmed the District Court's decision. *United States v. Silver*, 266 Fed.Appx. 242 (2008).

that the District Court "erred in finding that Petitioner's previous state misdemeanor convictions qualified as predicate offenses characterizing Petitioner as a career offender for sentencing pursuant to U.S.S.G. § 4B1.1 resulting in the imposition of an unconstitutionally enhanced sentence." (Document No. 3, pp. 8 - 16.) Second, Petitioner asserts that "defense counsel's failure to file written objections contesting Petitioner Silver's prior convictions allegedly constituting 'crime of violence' offenses within the meaning of the Sentencing Guidelines Career Offender Enhancement." (Id., pp. 17 - 26.) Finally, Petitioner contends that "the U.S. Attorney's Office violated Petitioner's substantive right to have the sentencing Judge exercise his discretion to reduce Petitioner's sentence as a result of substantial assistance." (Id., pp. 26 - 33.) Therefore, Petitioner requests that the Court vacate the "judgment and sentence characterizing Petitioner as a 'career offender' and remand for a new trial." (Id., p. 34.)

As Exhibits, Petitioner attaches the following: (1) A copy of an ICA Inquiry (Document No. 3-1, pp. 2 - 5, 8 - 10.); (2) A copy of Petitioner's "Judgment and Commitment Order" as filed in Franklin County, North Carolina, in Case No. 94-crs-4624, 4625 (Id., p. 6.); (3) A copy of Petitioner's Affidavit (Document No. 9, pp. 1 - 4.); (4) A copy of a Statement by Minnie Silver (Id., pp. 5 - 6.); (5) A copy of a Statement by Eric Silver (Id., p. 7.); (5) A copy of a letter from Joselin Gonzale (Document No. 10.); and (6) A copy of Angela Hollowell Klimvakis' Affidavit (Document No. 11.).

## ANALYSIS

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief." Boysaw v. United States, 2011 WL 2634882 at *2 (S.D.W.Va.)(District Judge

Berger). Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section 2241 is upon the execution of a prisoner's sentence, not upon the validity of his conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless, under Section 2255's savings clause, there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Before considering a petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court

3

> established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000) (outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden).

First, the Court finds that Petitioner is not challenging the execution of his sentence. Petitioner is clearly challenging the validity of his sentence and requesting that he be re-sentenced. Specifically, Petitioner argues that he was improperly determined to be a Career Offender under U.S.S.G. § 4B1.1 and the District Court failed to reduce his sentence pursuant to Rule 35(b). Petitioner, however, has not shown and it does not appear that there is any basis for concluding that

Section 2255 is inadequate or ineffective to test the legality of Petitioner's detention. Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. Petitioner's claim is therefore properly considered under Section 2255, not under Section 2241.[3] Accordingly, Petitioner's claim cannot be considered under Section 2241 and should be dismissed. See United States v. Deibert, 2009 WL 2338002 at * 2 (W.D.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good

---

[3] Section 2255(a) provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: November 1, 2012.

R. Clarke VanDervort
United States Magistrate Judge